IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-343-MHT-PWG |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, and ) | |
| JOHN VERMILLION, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

On June 24, 2016, the above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 15); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990). On April 11, 2016, Plaintiff Chris Jones, filed this lawsuit in state court asserting claims sounding generally in breach of contract, fraud, bad faith, negligent procurement of insurance, and estoppel against State Farm Fire and Casualty Company ("State Farm") and John Vermillion (collectively "Defendants"). (Docs. 1 & 1-5). On May 13, 2016, the Defendants removed this lawsuit from the Circuit

1

Court of Montgomery County, Alabama, to this court and assert subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Before the court is Jones's motion to remand. (Doc. 12). The motion is briefed and deemed under submission.

Jones and Vermillion are both residents of Alabama. State Farm is an Illinois corporation with its principal place of business in Illinois and does business in Alabama. (Doc. 1 at ¶ 8; Doc. 2 at ¶ 2). Defendants argue, however, that Vermillion is fraudulently joined.

Upon consideration and for the reasons discussed herein, the Magistrate Judge **RECOMMENDS** that the motion to remand be **GRANTED** and that this matter be remanded to the Circuit Court of Montgomery County, Alabama.

I.  **DIVERSITY JURISDICTION AND FRAUDULENT JOINDER**

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord City of Vestavia Hills v. General Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). A federal court may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

2

Nevertheless, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.... Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *White v. Wells Fargo Home Mortgage*, Civil Action No. 1:11–cv–408–MHT, 2011 WL 3666613, at *3 (M.D. Ala. Aug. 22, 2011) (a federal court is "obligat[ed] to narrowly construe removal statutes"; this obligation necessarily "requires that uncertainties be 'resolved in favor of remand'") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). A removing defendants' burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the [non-diverse or] resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."

3

*Id.* The defendant must make such a showing by *clear and convincing evidence. See Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) (emphasis added).[1]

In the context of fraudulent joinder, the court is required to both evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). "However, if a defendant shows that there is no possibility the plaintiff can establish [any of the alleged] cause[s] of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quotation marks and citation omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence*, 484 F.3d at 1297.

Although the determination of whether a non-diverse defendant has been fraudulently joined "should be made based upon the plaintiff's pleadings at the time

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of removal," *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)), a district court "can consider any submitted affidavits and/or deposition transcripts," *id*. (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Both parties may submit affidavits and deposition transcripts." (citing, in turn, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A Dec. 1981))), *superseded by statute on other grounds as stated in Georgetown Manor*, *Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993)). The fraudulent joinder analysis, then, is not confined to the pleadings, but may also encompass "any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth,* 428 F.3d 1317, 1322 (11th Cir. 2005).

## II.     BACKGROUND AND STATEMENT OF FACTS [2]

Jones purchased a homeowners insurance policy issued by State Farm with coverage for loss of personal property in the amount of $135,000, which was in effect during the times relevant to this matter. (Doc. 1-1 at p.23; Doc. 1-5 at ¶ 11).Vermillion was the State Farm agent who sold the policy to Jones. (Doc. 1-5 at ¶ 22). On September 7, 2014, Jones's home was burglarized and items of her personal

---

[2] For purposes of this Report and Recommendation, as countenanced by the Eleventh Circuit in *Crowe*, *supra*, the disputed "facts" have been resolved in a light most favorable to Jones. However, that does not constitute a rendering of findings of fact in Jones's favor, and the facts set out herein might not be the actual facts of this case. Moreover, the court has not weighed the evidence or made credibility determinations.

property were stolen. (Doc. 1-5 at ¶ 12). Jones made a timely claim for reimbursement of the value of her stolen property to State Farm. (Doc. 1-5 at ¶ 14).  On March 14, 2016, State Farm notified Jones that it was denying her claim and retroactively cancelling her policy as of the date of her claim. (Doc. 1-5 at ¶ 25).

On April 11, 2016, Jones filed a Complaint naming State Farm and Vermillion as defendants in the Circuit Court of Montgomery County, Alabama.  (Doc. 1-5).  In the Complaint, Jones alleged that "When State Farm issued the policy, Agent John Vermillion had the opportunity to inspect [Jones's] home and document her personal property. Agent John Vermillion and/or other Defendants negligently failed to do so." (Doc. 1-5 ¶ 21). Jones further alleged that State Farm had adopted an "adversarial new approach to claims handling ... that violates the traditional, legal definition of good faith and fair dealing. This fact was suppressed by State Farm and John Vermillion when [Jones] purchased the policy..." (Doc. 1-5 at ¶ 22).  "Agent John Vermillion either knew or should have know that State Farm has, upon information and belief, a pattern and practice of discriminating against African Americans and other minorities by denying their claims at higher rate than other similarly situated nonminority claimants... Vermillion procured the policy without notifying [Jones] of these issues and without taking reasonable steps to document her personal property in case State Farm later attempted to improperly deny her claim." (Doc. 1-5 at ¶ 23).

Jones's specific claims, set out in five separate counts, are as follows:

>Count I - Breach of Contract (Doc. 1-5 at ¶¶ 29-38).
>
>Count II - Bad Faith Delay and Denial of Insurance Claim (Doc. 1-5 at ¶¶ 39-46).
>
>Count III - Negligent Procurement of Insurance Policy (Doc. 1-5 at ¶¶ 47-49).
>
>Count IV - Fraud/Misrepresentation/Suppression (Doc. 1-5 at ¶¶ 50-55).
>
>Count V - Waiver Estoppel (Doc. 1-5 at ¶¶ 56-59).

## III. DISCUSSION

Defendants argue that Vermillion is fraudulently joined because they allege that Jones fails to assert a viable claim against Vermillion.

> Like any negligence claim, a claim in tort alleging a negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance ... requires demonstration of the classic elements of a negligence theory, i.e., "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." *Albert v. Hsu*, 602 So. 2d 895, 897 (Ala. 1992).

*Kanellis v. Pac. Indem. Co.*, 917 So. 2d 149, 155 (Ala. Civ. App. 2005). Under Alabama law, "'when an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom.'" *Crump v. Geer Bros.*, 336 So. 2d 1091, 1093 (Ala. 1976), quoting *Timmerman Ins. Agency, Inc. v. Miller*, 285 Ala. 82, 229 So. 2d 475 (1969). Moreover, the Alabama Supreme Court has also

considered negligent procurement under the theory whether an insurance agent "procure[d] 'complete and adequate' coverage" as requested by the plaintiff. *Crump*, 336 So. 2d at 1093.

Jones has asserted at least a plausible cause of action for negligent procurement of an insurance policy against Vermillion. In her Complaint, Jones alleged that Vermillion knew or should have known that State Farm discriminated against African American policy holders by denying their claims at higher rates and knew that State Farm had recently adopted an adversarial claims-handling process, but failed to communicate this to her. (Doc. 1-5 at ¶¶22-25). Jones also submitted an affidavit along with her reply brief in support of her motion to remand. (Doc. 18-1). *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)(In reviewing a motion to remand, "the court may consider affidavits and deposition transcripts submitted by the parties.").[3] In her affidavit, Jones alleged that "Vermillion ... suggested how much coverage I should get for my personal property. He never asked me for documentation to support the fact that I could afford $135,000 worth of personal property..." (Doc. 18-1 at ¶1). Jones alleged that "[i]f Mr. Vermillion would have set my amount of coverage for personal property more carefully, State Farm would not have accused

---

[3]Defendants filed a motion to strike Jones's affidavit. (Doc. 19). However, that motion is denied by separate order of this court entered simultaneously with the entry of this Report and Recommendation.

me of fraud and would not have denied my claim." (Doc. 18-1 at ¶ 5). Jones further alleged that Vermillion failed to document the items Jones insured, failed to inform her of the need to document the items herself, and negligently recommended setting her coverage limits too high, thus causing State Farm to accuse her of fraud and deny her claim. (Doc. 18-1 at ¶¶ 6-9).

"[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 (11th Cir. 2007); *see also Crowe,* 113 F.3d at 1542 ("...there need only be a reasonable basis for predicting that the state law might impose liability on the facts involved...."). When applying that standard, a court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainty about the applicable law in the plaintiff's favor. *See Crowe*, 113 F.3d at 1538. A plaintiff's subjective motivation for joining the resident defendant is irrelevant. *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 893 n. 3 (11th Cir. 2011). In the instant case, construing the facts in a light most favorable to Jones, it is a plausible claim that Vermillion negligently procured a plan of insurance for Jones which he knew or should have known would be ineffective to protect Jones's personal possessions

9

because of the amount of coverage obtained versus the actual possessions owned by Jones and her personal circumstances relative to her ownership of those items. Given the low threshold for the plausibility standard on a motion to remand and the "heavy" burden on the removing party to demonstrate fraudulent joinder and subject matter jurisdiction, Defendants failed to provide clear and convincing evidence to show the fraudulent joinder of Vermillion.[4] Accordingly, this action should be remanded to the Circuit Court of Montgomery County, Alabama.

## IV.  CONCLUSION AND RECOMMENDATION

For the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff Jones's motion to remand (Doc. 12) is due to be **GRANTED**, and this case is due to be **REMANDED** to the Circuit Court of Montgomery, County,

---

[4] Defendants also argued that Jones's claim of negligent procurement was barred by contributory negligence in that she should have questioned or objected to the amount of coverage suggested by Vermillion. (Doc. 17 at p.10). However, the Alabama Supreme Court has ruled that

> the issue of contributory negligence must go to the jury if the evidence or the reasonable inferences arising therefrom furnish as much as a gleam, glimmer, spark, the least particle, the smallest trace, or a scintilla in support of contributory negligence, and this defense must be submitted to the jury unless the evidence is entirely free of doubt of adverse inference.

*Am. Furniture Galleries, Inc. v. McWane, Inc.*, 477 So. 2d 369, 372–73 (Ala. 1985). The factual allegations in this case are contested by the parties and improper for resolution on a motion for remand, at which stage all evidence and reasonable inferences my be made in the light most favorable to the plaintiff.

Alabama, for lack of subject matter jurisdiction at the time of removal.

It is **ORDERED** that the parties shall file any objections to this recommendation on or before **August 19, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

**DONE** and **ORDERED** this 5th day of August, 2016.

    /s/ Paul W. Greene
United States Magistrate Judge